IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-000493 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART, |
| | ) | DENYING IN PART PLAINTIFF'S |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| MICHAEL WILLIAM FLAHERTY, | ) | |
| MARGARET RONA LEE FLAHERTY, | ) | |
| BANK OF HAWAII, STATE OF | ) | |
| HAWAII DEPARTMENT OF TAXATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART, DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I.          INTRODUCTION.

        This is an action by Plaintiff United States of America
against Defendant Michael William Flaherty ("Flaherty") to reduce
to judgment the unpaid federal taxes assessed against Flaherty
and to foreclose on federal tax liens on real property owned by
Flaherty.  The court determines that the Government meets its
burden of establishing that Flaherty does owe taxes, but the
actual amount that Flaherty owes in taxes remains in dispute.
This court accordingly grants summary judgment to the Government
with respect to Flaherty's liability to pay unpaid taxes,
penalties, and interest, but declines on the present motion to
enter any ruling as to the amount owed.  Given the dispute as to
amount, the court denies the request to foreclose.

II.         STANDARD OF REVIEW.

        Summary judgment shall be granted when "the pleadings,

the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of
law." Fed. R. Civ. P. 56(c).  One of the principal purposes of
summary judgment is to identify and dispose of factually
unsupported claims and defenses.  Celotex Corp. v. Catrett, 477
U.S. 317, 323-24, (1986).  Accordingly, "[o]nly admissible
evidence may be considered in deciding a motion for summary
judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975,
988 (9th Cir. 2006).  A moving party has both the initial burden
of production and the ultimate burden of persuasion on a motion
for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz
Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially
falls on the moving party to identify for the court "those
portions of the materials on file that it believes demonstrate
the absence of any genuine issue of material fact." T.W. Elec.
Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630
(9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord
Miller, 454 F.3d at 987.  "A fact is material if it could affect
the outcome of the suit under the governing substantive law."
Miller, 454 F.3d at 987.

     When the moving party meets its initial burden on a
summary judgment motion, the "burden then shifts to the nonmoving
party to establish, beyond the pleadings, that there is a genuine

2

issue for trial." <u>Miller</u>, 454 F.3d at 987.  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (footnote omitted).  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256,(1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>California v. Campbell</u>, 319 F.3d 1161, 1166 (9th Cir. 2003); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

III.     <u>BACKGROUND FACTS.</u>

Flaherty and his wife, Margaret Flaherty, have owned a certain piece of real property in Hawaii since at least 1991. Michael Flaherty Answer ¶ 5 ("Defendant admits that he has an ownership interest in certain property."); Ex. A, attached to Compl. (describing the property transferred to Michael and Margaret Flaherty).

In 1993, the Bank of Hawaii obtained two mortgages on the property.  Bank of Hawaii Answer ¶ 3.

Flaherty failed to file federal income tax returns for the 1999, 2000, and 2001 tax years.   Danford S. Nikaido Decl. ¶ 2.   The IRS proceeded to determine his income, and how much he owed in taxes, by gathering information from third parties that had paid Flaherty during those years.   Id.   The IRS determined that Flaherty owed, in tax, penalties, and interest, $659,446.82 for the 1999 tax year, $19,819.73 for the 2000 tax year, and $134,190.25 for the 2001 tax year.   The IRS assessed Flaherty accordingly.[1]   Nikaido Decl. ¶ 3.   Flaherty failed to challenge

---

[1]The IRS must follow specified procedures before assessing taxes.   First, the Internal Revenue Commissioner, after determining that a taxpayer is deficient, must send a notice of deficiency to the taxpayer.   The notice advises the taxpayer of the Commissioner's intent to impose the assessment, and notifies the taxpayer that he may have the determination reviewed by the tax court.   Bromberg v. Ingling, 300 F.2d 859, 862 (9th Cir. 1962) (noting that notice must precede assessment).   Usually, the Commissioner may assess the deficiency only after a period of time has elapsed from the date the notice was sent.   Id.

An assessment records the liability of the taxpayer. 26 U.S.C. § 6203(a); 26 C.F.R. § 301.6203-1.   The taxpayer's tax liability is summarized on a Form 23-C (Assessment Certificate) that is signed by an assessment officer.   Id.

Within sixty days of making the assessment, the IRS must issue a "notice and demand letter" to the taxpayer, specifying the amount due and demanding payment.   26 U.S.C. § 6303.   Upon request, the IRS must also give the taxpayer an actual record of the assessment that sets forth the name of the taxpayer, the date of the assessment, the type of liability assessed, the applicable period, and the amount assessed.   26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1.

If the taxpayer fails to pay, the IRS may seek collection through administrative methods (federal liens or levies) or judicial methods (suits to foreclose liens or to reduce assessments to judgments).

4

the assessments.  Nikaido Decl. ¶ 3 (noting that Flaherty "was
notified of these determinations through a Notice of Deficiency
and he did not contest them").

In February and July 2005, the IRS filed Notices of
Federal Tax Liens with the State of Hawaii, stating in pertinent
part:

> we are giving a notice that taxes (including
> interest and penalties) have been assessed
> against the following-named taxpayer.  We
> have made a demand for payment of this
> liability, but it remains unpaid.  Therefore,
> there is a lien in favor of the United States
> on all property and rights to property
> belonging to this taxpayer for the amount of
> these taxes, and additional penalties,
> interest, and costs that may accrue.

Exs. 7 & 8, attached to Hendon Decl.  These Notices stated that
Flaherty owed $675,886.54 for year 1999 and $147,949.69 for years
2000 and 2001 for unpaid assessments.  Id.; Nikaido Decl. ¶ 3.

In July 2005, the State of Hawaii Department of
Taxation concluded that Flaherty had not paid state taxes and
owed about $5,000.  See Ex. A, attached to State's Answer (Docket
No. 4).  Flaherty's debt constituted a lien on his real property
in favor of the State.  Ex. B, attached to State's Answer.

---

Once an assessment is made, the IRS may abate any part
of the assessment in excess of the amount properly assessed
against the taxpayer.  26 U.S.C. § 6404(a).

The Government has ten years from the date of the assessment
to file suit.  26 U.S.C. § 6502(a).

5

The IRS says that, in 2004, 2005, and 2006, it notified Flaherty of the amount he owed for 1999 to 2001.  Compl. ¶ 12; Exs. 1-3, attached to Hendon Decl. (Certificates of Assessments noting that the IRS assessed Flaherty in 2003 and 2004, and then notified him of the amount he owed on many occasions).

The Government filed suit in 2008, seeking to reduce to judgment Flaherty's unpaid federal income tax assessments and to foreclose on Flaherty's property.  Compl. ¶¶ 10-27.  Through discovery, the Government obtained information relating to Flaherty's tax liability, specifically the amount that Flaherty had paid to buy stocks.  The IRS recalculated Flaherty's tax liability based on the new information.  Nikaido Decl. ¶ 3.  In August 2009, the IRS calculated Flaherty's 1999 federal tax liability to be $38,148 plus $18,120 in penalties.  Id. ¶ 5.  The IRS calculated Flaherty's 2000 tax liability to be $4,827 plus $5,151 in penalties.  Id. ¶ 7.  The IRS calculated Flaherty's 2001 tax liability to be $3,499 plus $3,938 in penalties.  Id. ¶ 8.  The IRS abated some of the previous assessments.  Id. Flaherty also allegedly owed self-employment taxes for 2000 and 2001.

In March 2010, an IRS employee again calculated the total amount Flaherty owed.  The IRS concluded that Flaherty owed $122,207.24 in taxes, penalties, and interest for the tax year 1999, $13,670.89 for tax year 2000, and $23,170.96 for tax year

2001.  Halle Decl. ¶¶ 5-8; Exs. 1-3, attached to Halle Decl.
Also in March 2010, the Government filed the present motion for
summary judgment.

IV.      ANALYSIS.

      The Government says Flaherty owes $122,207.24 for the
1999 year, $20,098 for the 2000 tax year, and $23,252.32 for the
2001 tax year ($165,557.97 total) plus statutory interest from
that date.  Halle Decl. ¶ 8.  The Government says that it is
entitled to judgment because the Certificates of Assessments are
proof of Flaherty's tax liability, and Flaherty has not presented
any evidence contradicting the Certificates of Assessments.
While Flaherty does not present any evidence, the Government does
not establish its entitlement to judgment in any specific amount.

      "'In an action to collect federal taxes, the Government
bears the initial burden of proof.'" In re Olshan, 356 F.3d 1078,
1084 (9th Cir. 2004) (quoting Palmer v. I.R.S., 116 F.3d 1309,
1312 (9th Cir. 1997)).  The Government may satisfy this initial
burden by introducing into evidence its assessment of taxes due
and providing a "minimal factual foundation" for the assessment.
Oliver v. United States, 921 F.2d 916, 919-920 (9th Cir. 1990).
Unless the assessment is "without rational foundation or is
arbitrary," introduction of the assessment establishes a prima
facie case for the Government.  Id.; Hughes v. United States, 953
F.2d 531, 535, 540 (9th Cir. 1992).  The Government can also

satisfy its initial burden by introducing a Certificate of
Assessment.  A Certificate of Assessment is an official record
that details the taxpayer's name, social security number, and the
amount and date of all assessments.  Id.

Once the Government satisfies its initial burden, the
taxpayer has the burden of challenging that the tax is due.  If
the taxpayer fails to rebut the presumption, the Government is
entitled to judgment as a matter of law.  See Adams v. United
States, 175 Ct. Cl. 288, 358 F.2d 986, 994 (Ct. Cl. 1966); see
also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993)
(finding taxpayers' declaration that they did not receive notice
of the tax assessment was insufficient to show a genuine issue of
fact for trial where IRS presented Certificates of Assessment).

While the Government satisfies its burden of showing
that some tax is due, the court cannot determine on the present
record how much tax is presently due.  The court cannot conclude
that Flaherty indeed owes the amounts listed on the Certificates
of Assessment.  While the Certificates of Assessment contain the
necessary information (including Flaherty's name and address, the
character of the assessed liability, the taxable period, and the
date of assessments), the assessment, penalty, and interest
amounts listed do not add up to the final amounts listed on the
Certificates.  For the 1999 tax year, the sum of the assessment,
interest, and penalties (less the abated amounts), is

8

$105,339.74.  Ex. 1, attached to Hendon Decl.  However, the
Certificate of Assessment states that Flaherty owes $121,779.46.
The "Account Status Date" on the Certificate of Assessment is
February 10, 2010.  For the 2001 tax year, the assessment,
penalties, and interest total $19,904.96, while the amount listed
on the Certificate of Assessment is $23,170.96.  Ex. 3, attached
to Hendon Decl.  These discrepancies within the Certificates of
Assessment themselves preclude summary judgment in any specific
amount.  It may be that this court is somehow misreading or
misinterpreting the Certificates of Assessment, but if that is
so, the court wonders why a taxpayer is somehow presumed to be
better at understanding those documents.

          Similarly, the court is unable to reconcile the
calculations of two IRS employees, Nikaido and Halle.  Nikaido
calculated Flaherty's 1999 tax and penalty liability to be
$56,268, Nikaido Decl. ¶¶ 5(c) &(d), while Halle calculated the
amount to be $63,221, Ex. 1, attached to Halle Decl.; Halle Decl.
¶ 5.  Similarly, Nikaido determined Falherty's 2000 tax liability
(tax plus penalties) to be $9,978, Nikaido Decl. ¶¶ 7(d) &(e),
while Halle determined it to be 8,374.06, Ex. 2, attached to
Halle Decl.; Halle Decl. ¶ 6.  Finally, for the 2001 tax year,
Nikaido determined that Flaherty owed $7,437, Nikaido Decl.
¶¶ 9(e) & (f), while Halle determined that Flaherty owed
$13,422.48, Ex. 3, attached to Halle Decl.; Halle Decl. ¶ 7.

This court cannot determine the reasoning for the different amounts.  Again, there may well be a perfectly reasonable basis for the different figures that avoids any inconsistency, but that is not obvious from the documents themselves.

In questioning the Government's figures, the court is certainly not accepting the arguments Flaherty has presented at the hearing and in his opposition.  Those arguments were without merit.  Flaherty merely argued that "there are no assessments upon which the United States has assessed the amounts claimed in this lawsuit."  Answer ¶ 1.  Flaherty appears to be seeking the actual signed and dated assessments.  However, Flaherty is not entitled to any original assessment itself, only to a summary record of an assessment.  <u>Crisp v. United States</u>, 1999 WL 1101279, *5-7 (E.D. Cal. Feb. 18, 1999); 26 U.S.C. § 6203.  The Magistrate Judge concluded that Flaherty has the summary records of the assessments in his possession.  <u>See</u> Order Denying Defendant Michael Flaherty's Motion to Compel Discovery at 10 ("Additionally, Defendant has in his possession his summary records of assessments (IRS forms 'RACS 006').").  The Magistrate Judge issued a protective order prohibiting Flaherty from requesting the actual assessment, determining that the summary record was sufficient.

Flaherty may be arguing that because the assessments were abated, the assessments were incorrect.  But the initial

assessments were not in error.  The IRS is allowed to assign a cost basis of zero in property, and it is the defendant's burden to prove otherwise.  See G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 (10th Cir. 1975) aff'd in part and rev'd in part on other grounds 429 U.S. 1031 (1975); United States v. Novotny, 184 F. Supp. 2d 1071, 1082 (D. Colo. 2001).  The IRS was unable to determine the price Flaherty paid for stock, therefore determining it to be zero.  Flaherty had a right and opportunity to challenge that decision in the Tax Court, but Flaherty failed to do so.  In any event, the IRS is allowed to abate assessments after making them.  26 U.S.C. § 6404.

The court turns now to the Government's motion to foreclose.  To offset Flaherty's tax liability, the Government seeks to foreclose on property that Flaherty owns with his wife as tenants by the entirety.  The Government seeks to foreclose because Flaherty owes an amount in taxes.  As this court finds that the amount Flaherty owes is disputed, this court declines to foreclose.

V.        CONCLUSION.

The court grants the Government's motion to the extent it seeks a declaration that Flaherty owes some amount of taxes, penalties, and interest, but denies summary judgment in any specific amount.  No foreclosure decree issues on the present record.  The Government is free to bring a new motion on an

expanded record.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, July 26, 2010



              /s/ Susan Oki Mollway

             Susan Oki Mollway
             Chief United States District Judge

United States v. Michael Flaherty, 08cv493, Order Granting in Part, Denying in Part Plaintiff's Motion for Summary Judgment.