IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-000493 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | RENEWED MOTION FOR SUMMARY |
| vs. | ) | JUDGMENT (ECF No. 64); ORDER |
| | ) | DENYING DEFENDANT'S MOTION |
| MICHAEL WILLIAM FLAHERTY, | ) | FOR RECONSIDERATION OR MOTION |
| MARGARET RONA LEE FLAHERTY, | ) | TO DISMISS (ECF No. 79) |
| BANK OF HAWAII, STATE OF | ) | |
| HAWAII DEPARTMENT OF TAXATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
SUMMARY JUDGMENT (ECF No. 64); ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION OR MOTION TO DISMISS (ECF No. 79)

I.      INTRODUCTION.

        Plaintiff United States of America brings a renewed

motion for summary judgment against Defendant Michael William

Flaherty ("Flaherty") to reduce to judgment unpaid federal taxes

assessed against Flaherty (Count I) and to foreclose federal tax

liens on real property owned by Flaherty (Count II).  Flaherty

brings an untimely motion for reconsideration, styled

alternatively as a motion to dismiss.  The court treats this

motion as Flaherty's opposition to the Government's motion, as

Flaherty fails to present any new evidence or arguments that

could not have been presented during an earlier motion.  The

court also finds that the Government meets its burden of

establishing the actual amount that Flaherty owes in taxes.

Accordingly, this court grants summary judgment to the Government

and denies Flaherty's motion for reconsideration or for
dismissal.

II.      STANDARD OF REVIEW.

         A.   Summary Judgment.

         Summary judgment shall be granted when "the pleadings,
the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of
law." Fed. R. Civ. P. 56(c).  One of the principal purposes of
summary judgment is to identify and dispose of factually
unsupported claims and defenses.  Celotex Corp. v. Catrett, 477
U.S. 317, 323-24 (1986).  Accordingly, "[o]nly admissible
evidence may be considered in deciding a motion for summary
judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975,
988 (9th Cir. 2006).  A moving party has both the initial burden
of production and the ultimate burden of persuasion on a motion
for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz
Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially
falls on the moving party to identify for the court "those
portions of the materials on file that it believes demonstrate
the absence of any genuine issue of material fact." T.W. Elec.
Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630
(9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord
Miller, 454 F.3d at 987.  "A fact is material if it could affect

the outcome of the suit under the governing substantive law."
<u>Miller</u>, 454 F.3d at 987.

When the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." <u>Miller</u>, 454 F.3d at 987.  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (footnote omitted).  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)).  "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>California v. Campbell</u>, 319 F.3d 1161, 1166 (9th Cir. 2003); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

B.    <u>Motion for Reconsideration.</u>

A successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason that the court should reconsider its prior decision. <u>Davies v. Doi</u>, Civ. No.

3

08-00548 DAE-LEK, 2009 WL 1561579, at *1 (D. Haw. June 9, 2009)

(citing White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw.

2006)).  Second, a motion for reconsideration must set forth

facts or law of a strongly convincing nature to induce the court

to reverse its prior decision.  Id.  Courts have established

three grounds justifying reconsideration:  (1) an intervening

change in controlling law; (2) the availability of new evidence;

and (3) the need to correct clear error or prevent manifest

injustice.  Id.  The District of Hawaii has implemented these

standards in Local Rule 60.1, which states:

> Motions for reconsideration of
> interlocutory orders may be brought only upon
> the following grounds:
>
> (a)  Discovery of new material facts not
>      previously available;
>
> (b)  Intervening change in law;
>
> (c)  Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of
> this rule must be filed not more than
> fourteen (14) days after the court's written
> order is filed.

"Mere disagreement with a previous order is an

insufficient basis for reconsideration."  White, 424 F. Supp. 2d

at 1274.  Furthermore, "reconsideration may not be based on

evidence and legal arguments that could have been presented at

the time of the challenged decision."  Comeaux v. Hawaii, Civ.

No. 06-00341 SOM-BMK, 2007 WL 2300711, at *1 (D. Haw. Aug. 8,

2007).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  <u>White</u>, 424 F. Supp. 2d at 1274 (citing <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003)).

III.    <u>BACKGROUND FACTS.</u>

Flaherty and his wife, Margaret Flaherty, have owned a certain piece of real property in Hawaii since at least 1991. Michael Flaherty Answer ¶ 5, ECF No. 10 ("Defendant admits that he has an ownership interest in certain property."); Compl., Exh. A, ECF No. 1 (describing the property transferred to Michael and Margaret Flaherty).

In 1993, the Bank of Hawaii obtained two mortgages on the property.  Bank of Hawaii Answer ¶ 3, ECF No. 20.

Flaherty failed to file federal income tax returns for the 1999, 2000, and 2001 tax years.  Danford S. Nikaido Decl. ("Nikaido Decl."), ¶ 2, ECF No. 36-12.  The IRS proceeded to determine Flaherty's income, and how much he owed in taxes, by gathering information from third parties that had paid Flaherty during those years.  <u>Id.</u>  The IRS determined that Flaherty owed, in taxes, penalties, and interests, $659,446.82 for the 1999 tax year, $19,819.73 for the 2000 tax year, and $134,190.25 for the 2001 tax year.  The IRS assessed Flaherty accordingly.[1]  Nikaido

---

[1]The IRS must follow specified procedures before assessing taxes.  First, the Internal Revenue Commissioner, after determining that a taxpayer is deficient, must send a notice of

Decl. ¶ 3.  Flaherty failed to challenge the assessments.

Nikaido Decl. ¶ 3 (noting that Flaherty "was notified of these

determinations through a Notice of Deficiency and he did not

contest them").

In February and July 2005, the IRS filed Notices of

Federal Tax Liens with the State of Hawaii, stating in pertinent

---

deficiency to the taxpayer.  The notice advises the taxpayer of
the Commissioner's intent to impose the assessment, and notifies
the taxpayer that he may have the determination reviewed by the
tax court.  Bromberg v. Ingling, 300 F.2d 859, 862 (9th Cir.
1962) (noting that notice must precede assessment).  Usually, the
Commissioner may assess the deficiency only after a period of
time has elapsed from the date the notice was sent.  Id.

An assessment records the liability of the taxpayer.
26 U.S.C. § 6203(a); 26 C.F.R. § 301.6203-1.  The taxpayer's tax
liability is summarized on a Form 23-C (Assessment Certificate)
that is signed by an assessment officer.  Id.

Within sixty days of making the assessment, the IRS
must issue a "notice and demand letter" to the taxpayer,
specifying the amount due and demanding payment.  26 U.S.C.
§ 6303.  Upon request, the IRS must also give the taxpayer an
actual record of the assessment that sets forth the name of the
taxpayer, the date of the assessment, the type of liability
assessed, the applicable period, and the amount assessed.  26
U.S.C. § 6203; 26 C.F.R. § 301.6203-1.

If the taxpayer fails to pay, the IRS may seek
collection through administrative methods (federal liens or
levies) or judicial methods (suits to foreclose liens or to
reduce assessments to judgments).

Once an assessment is made, the IRS may abate any part
of the assessment in excess of the amount properly assessed
against the taxpayer.  26 U.S.C. § 6404(a).

The Government has ten years from the date of the assessment
to file suit.  26 U.S.C. § 6502(a).

part:

>           we are giving a notice that taxes (including
>           interest and penalties) have been assessed
>           against the following-named taxpayer.  We
>           have made a demand for payment of this
>           liability, but it remains unpaid.  Therefore,
>           there is a lien in favor of the United States
>           on all property and rights to property
>           belonging to this taxpayer for the amount of
>           these taxes, and additional penalties,
>           interest, and costs that may accrue.

Exs. 7 & 8, attached to Hendon Decl.  These Notices stated that

Flaherty owed $675,886.54 for year 1999 and $147,949.69 for years

2000 and 2001 for unpaid assessments.  Id.; Nikaido Decl. ¶ 3.

In July 2005, the State of Hawaii Department of

Taxation concluded that Flaherty had not paid state taxes and

owed about $5,000.  See ECF No. 4, Ex. A, attached to State's

Answer.  Flaherty's debt constituted a lien on his real property

in favor of the State.  Ex. B, attached to State's Answer.

The IRS says that, in 2004, 2005, and 2006, it notified

Flaherty of the amount he owed for 1999 to 2001.  Compl. ¶ 12;

Exs. 1-3, attached to Hendon Decl. (Certificates of Assessments

noting that the IRS assessed Flaherty in 2003 and 2004, and then

notified him of the amount he owed on many occasions).

The Government filed suit in 2008, seeking to reduce

to judgment Flaherty's unpaid federal income tax assessments and

to foreclose on Flaherty's property.  Compl. ¶¶ 10-27.  Through

discovery, the Government obtained information relating to

Flaherty's tax liability, specifically the amount that Flaherty

had paid to buy stocks.  The IRS recalculated Flaherty's tax liability based on the new information.  Nikaido Decl. ¶ 3.  In August 2009, the IRS calculated Flaherty's 1999 federal tax liability to be $38,148 plus $18,120 in penalties.  Id. ¶ 5.  The IRS calculated Flaherty's 2000 tax liability to be $4,827 plus $5,151 in penalties.  Id. ¶ 7.  The IRS calculated Flaherty's 2001 tax liability to be $3,499 plus $3,938 in penalties.  Id. ¶ 8.  The IRS abated some of the previous assessments.  Id. Flaherty also allegedly owed self-employment taxes for 2000 and 2001.

In March 2010, an IRS employee again calculated the total amount Flaherty owed.  The IRS concluded that Flaherty owed $122,207.24 in taxes, penalties, and interest for the tax year 1999, $13,670.89 for tax year 2000, and $23,170.96 for tax year 2001.  Halle Decl. ¶¶ 5-8, Exs. 1-3, attached to Halle Decl., ECF No. 36-24.

IV.        PROCEDURAL HISTORY.

On July 26, 2010, this court granted in part and denied in part the Government's previous motion for summary judgment. See Order Granting in Part, Den. in Part Pl.'s Mot. Summ. J., ECF No. 57.  The court granted summary judgment with respect to Flaherty's liability to pay unpaid taxes, penalties, and interest, but denied summary judgment regarding any specific amount and declined to order a foreclosure for two reasons.

8

First, the Government's papers did not establish that Flaherty

owed the amounts listed on the Certificates of Assessments and

Payments ("Forms 4340").  While the Certificates of Assessments

contained the necessary information, the assessment, penalty, and

interest amounts listed did not add up to the final amounts at

the end of each form.  Second, the court was unable to reconcile

the tax and penalty liability calculations of two IRS employees,

Danford S. Nikaido ("Nikaido") and M. Henry Halle ("Halle").

        The Government brings a renewed motion for summary

judgment as to the amounts Flaherty owes for the 1999-2001 tax

years and requests an order foreclosing the federal tax liens at

issue and selling the real property at issue to satisfy or

partially satisfy those federal tax liens.

        Flaherty brings a motion for reconsideration or, in the

alternative, for dismissal.  As noted earlier, Flaherty's motion

appears to be in the nature of an opposition to the Government's

renewed summary judgment motion and the court accordingly

addresses it in this order.

V.      ANALYSIS.

        A.   Motion for Summary Judgment.

             1.   The Government Adequately Explains the
                  Discrepancies in Tax Calculations.

        The court finds that the Government sufficiently

explains the discrepancies in the Certificates of Assessments in

which the items listed do not add up to the total balances.  The

9

discrepancies are based on estimated tax penalties that did not appear as a line item in the Forms 4340 but are included in the overall balance in each Form 4340. Pl.'s Mot. Summ. J. 13, ECF No. 64. Essentially, the estimated tax penalties that the IRS assessed against the taxpayer for the 1999, 2000, and 2001 tax years are included in the IRS's computer system but do not appear as separate line items on the Forms 4340. The Government provides the notices of deficiency demonstrating that the estimated tax penalties account for the differences. Pl.'s Mot. Summ. J. 9. With respect to the 1999 tax year, the IRS assessed an estimated tax penalty on May 16, 2005, in the amount of $16,439.72. See Declaration of Clara L. Yee ("Yee Decl."), ¶ 8(a). With respect to the 2000 tax year, the IRS assessed an estimated tax penalty on March 1, 2004, in the amount of $628.41. See id. ¶ 8(b). With respect to the 2001 tax year, the IRS assessed an estimated tax penalty on August 2, 2004, in the amount of $3,266.00. See id. ¶ 8(c). The total balance of the Forms 4340s for each year includes these estimated tax penalties, while the totals of assessments and payments on the Forms 4340 do not. The difference for each year ($16,439.72 for 1999, $628.41 for 2000, and $3,266.00 for 2001) is the amount of the assessed estimated tax penalty.

The court also finds the Government adequately explains the differences in the tax and penalty liability calculation of

two IRS employees, Nikaido and Halle.  Revenue Agent Nikaido's
declaration established the amount of the recalculated
assessments based on the abatement of taxes, penalties, and
interest, and did not account for any estimated tax penalties.
See Nikaido Decl.  The amount of the taxes and penalties set
forth in Nikaido's Declaration equals the assessments listed in
the Forms 4340.  Pl.'s Mot. Summ. J. 10-11.  There is no
discrepancy between Nikaido's Declaration and the Forms 4340 in
this case.  The Declaration of Revenue Agent Halle calculated the
amount of the taxpayer's outstanding liabilities for each of the
three tax years at issue by taking into consideration the
accrued, but unassessed, interest.  See Declaration of M. Henry
Halle, ECF No. 36-24.  In addition, the Halle Declaration was
based on IRS computer printouts that included the estimated tax
penalties assessed against the taxpayers but not appearing as
line items in the Forms 4340.  See Pl.'s Mot. Summ. J. 12.

        The Government is abating the omitted estimated tax
penalty assessments because of the confusion arising from the
calculations.  Because the Government has only recently
authorized the abatement of estimated tax penalties, the
abatements have not been processed and the IRS cannot provide an
INTSTD, which is the computer calculation of accrued interest and
penalties to any requested date on unpaid tax assessments for a
particular taxpayer.  See Yee Decl. 2.  The court accepts the

11

calculation of Narciso Zermeno, a specially trained program analyst who can perform such interest computations manually.  <u>See</u> Declaration of Narciso Zermeno ("Zermeno Decl."), ECF No. 64-8, Exs. 1-3.  The Government explains Zermeno's calculation step-by-step in its motion, and demonstrates when interest calculations run and how tax penalties do not accrue until after the tax is assessed.  <u>See</u> Pl.'s Mot. Summ. J. 15-17, ECF No. 64.  Zermeno's worksheets show the interest accruals from the due dates of the taxes and penalties, and adds them to the assessments to arrive at the balance due for each tax year.  For the 1999 tax year, the total outstanding balance due with respect to Flaherty's federal income tax liability through August 3, 2010, is $101,389.42. Pl.'s Mot. Summ. J. 15.  For the 2000 tax year, the total balance is $19,484.02.  <u>Id.</u> at 16.  For the 2001 tax year, the total balance is $18,922.45.  <u>Id.</u>  Accordingly, the court finds the total outstanding balance of the taxpayer's federal income tax liabilities for the 1999, 2000, and 2001 tax years is $139,795.89, through August 3, 2010.  Interest, however, continues to be compounded daily after that date in accordance with 26 U.S.C. § 6622.

     2.   Flaherty Does Not Bring Any
          <u>Meritorious Claims in His Response.</u>

   Flaherty raises an objection under Rule 17(a) of the Federal Rules of Civil Procedure in response to the Government's renewed summary judgment motion and argues that the Government is

not the real party in interest with standing to bring this action.  This argument is without merit.  Rule 17 does not apply, and the Government is indeed the proper party to bring an action to reduce federal income tax assessments to judgment and to foreclose federal tax liens on property.  Accordingly, Flaherty's request that the case be stayed until the proper plaintiff is named is denied.

Flaherty argues that he has no information as to what is being alleged or asserted against him, and he requests additional evidence.  See ECF No. 75.  However, the Government has provided sufficient information about the claims against him and adequate documentation explaining these claims.  Moreover, Flaherty's discovery demands are untimely, as discovery closed in this action on July 16, 2010.  His argument that the documents are fraudulent and unlawfully filed have no merit.  Furthermore, Flaherty provides no evidence casting doubt on the Government's calculations of amounts owed for the 1999, 2000, and 2001 tax years.  The Government has satisfied its burden of proof.  Accord Crisp v. United States, 238 F.3d 428 (9th Cir. 2000) (affirming summary judgment because IRS submitted duly authenticated Forms 4340 as presumptive proof of valid assessments); Farr v. United States, 133 F.3d 926 (9th Cir. 1997) (finding district court did not err by granting summary judgment because defendant failed to rebut presumption raised by Form 4340 that assessment was made).

13

B.          Flaherty's Motion for Reconsideration is Denied.

The court notes that, in any event, Flaherty's motion for reconsideration, styled alternatively as a motion to dismiss, is untimely.  Under Local Rule 60.1, motions for reconsideration must be filed not more than fourteen (14) days after the court's written order is filed.  In this case, the court's order was filed on July 26, 2010, and Flaherty filed the motion for reconsideration on October 12, 2010, well past the deadline.

Even if the motion had been timely filed, Flaherty's arguments are without merit.  Flaherty argues that this case sounds in admiralty.  However, no incidents occurred on navigable waters, and the case does not involve admiralty or maritime law.  See Bosset v. United States, 2007 WL 3034656, at *4 (M.D. Fla. Oct. 16, 2007) (dismissing claim that the case against the IRS falls under admiralty jurisdiction because no allegation of maritime activities, law, or vessels were made).  Accordingly, the court rules federal tax law, not admiralty law, controls.  See, e.g., 26 U.S.C. § 7402; 28 U.S.C. §§ 1340, 1345.

Flaherty demands more evidence, questions the legitimacy of the IRS documentation, and alleges fraud on the court by Magistrate Judge Kevin S.C. Chang and IRS attorney Jeremy N. Hendon.  See Def. Mot. Recons., ECF No. 79.  Again, Flaherty's arguments lack merit.  Flaherty made many of the same arguments in an earlier motion to compel discovery and a reply

14

memorandum.  <u>See</u> Def. Mot. Compel, ECF No. 39; Def. Counter

Resp., ECF No. 44.  The court denied the motion to compel

discovery because Flaherty had failed to comply with Local Rules

and the Government had provided sufficient evidence.  <u>See</u> Order

Den. Def.'s Mot. Compel Disc., ECF No. 47.  The court warned

Flaherty that he could be ordered to pay the Government's

attorney's fees if he filed any future frivolous discovery

motions.  <u>See</u> <u>id.</u> at 12.

        Flaherty argues that he did not receive any notice of

his tax liabilities and he does not understand the basis for

them.  However, the Forms 4340 for all three years demonstrate

that he was on notice.  The Government did try to notify Flaherty

prior to the issuance of the statutory notices of deficiency.

<u>See</u> Nikaido Decl. ¶ 3.  Even if the Government had failed to send

notice, the lack of notice would not invalidate an underlying

assessment such that the Government would be precluded from

bringing a civil suit to collect assessed tax liabilities.  <u>See</u>

<u>Purcell v. United States</u>, 1 F.3d 932, 941 (9th Cir. 1993).

        Flaherty also argues that the IRS does not have the

authority to determine his tax liability.  However, 26 U.S.C.

§ 6020 provides the IRS with that explicit authority when a

taxpayer fails to file the returns.  Collecting federal income

tax, filing tax liens, and bringing levies upon property to

collect unpaid taxes are official IRS duties.  See 26 U.S.C. §§ 6323(f), 6331(a).

Flaherty complains there are two Forms 4340 alleging vastly different liabilities.  However, the Government has adequately explained these discrepancies and provided the worksheets for its calculations.  Flaherty disputes that the RACS Report 006 forms satisfy the signature and certification requirements of the treasury regulations.  See Def. Mot. Recons. 48.  However, as Magistrate Judge Chang has already ruled, Forms 4340, whether on Form 23C or RACS Report 006, create a presumption that the assessments were validly executed and certified.  See Order Den. Def. Mot. Compel 10.

In his briefing and at the hearing, Flaherty cited cases and statutes with no bearing on this case.  Flaherty argues that the liens filed violate the Fair Debt Collection Practice Act ("FDCPA").  See Def. Mot. Recons. 6.  However, the FDCPA does not apply to the current case.  See United States v. Errigo, 2009 WL 127863, at *2 (E.D. Mich. Jan. 20, 2009) (finding specific exemption under the FDCPA for federal employees acting in the performance of their duties); 15 U.S.C. § 1692a(6)(C).  Flaherty also claims that the Forms 1040 do not comport with the Paperwork Reduction Act ("PRA").  See Def. Mot. Recons. 6, 47.  The allegation that any Form 1040 violates the Paperwork Reduction Act is unavailing.  See Lewis v. Comm'r, 523 F.3d 1272, 1277

16

(10th Cir. 2008) (holding that Form 1040 complies with PRA); United States v. Patridge, 507 F.3d 1092, 1094-95 (7th Cir. 2007) (holding PRA did not foreclose tax evasion conviction).  Flaherty also argues that Treasury Order 150-02 cancels IRS assessment authority.  See Def. Mot. Recons. 13-14, 47.  Flaherty misreads Treasury Order 150-02, which simply reorganized and restructured the IRS but did not affect its assessment powers.  See Abell v. Sothen, 214 Fed. Appx 743, **2 (10th Cir. 2007) (concluding assessments were valid and delegations were proper after Treasury Order 150-02).  None of Flaherty's other arguments is meritorious.

Flaherty does not present any new material facts, intervening change in law, or manifest error.  Accordingly, the court denies his motion for reconsideration.  Moreover, Flaherty fails to make any argument that would warrant dismissal under Rule 12(b) of the Federal Rules of Civil Procedure.

VI.      CONCLUSION.

       For the foregoing reasons, the court grants the Government's renewed motion for summary judgment and denies Flaherty's motion for reconsideration.  The United States is ordered to submit, no later than November 5, 2010, a proposed foreclosure decree, leaving the name of the foreclosure Commissioner blank.  Resumes of at least three proposed Commissioners should be submitted to the court by the same date, with copies to Flaherty.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, October 22, 2010



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

United States v. Michael Flaherty, Civ. No. 08-000493 SOM/KSC; ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT (ECF No. 64); ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, OR MOTION TO DISMISS (ECF No. 79).