IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-000493 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER AND DECREE OF |
| | ) | FORECLOSURE |
| vs. | ) | |
| | ) | |
| MICHAEL WILLIAM FLAHERTY, | ) | |
| MARGARET RONA LEE FLAHERTY, | ) | |
| BANK OF HAWAII, STATE OF | ) | |
| HAWAII DEPARTMENT OF TAXATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER AND DECREE OF FORECLOSURE

On October 22, 2010, the court granted the United States' Renewed Motion for Summary Judgment which included, among other things, that the Government may foreclose its federal tax liens.  Therefore, it is hereby ORDERED, ADJUDGED, and DECREED for the reasons stated herein that:

1. The parcel of real property upon which foreclosure is sought is residential real property located at 53-3951 Hiwahiwa Road, Kapaau, Hawaii 96755 ("subject property").  The legal description of the subject property is set forth in Exhibit "A" attached to the Complaint to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens on Real Property.

2. On or about February 12, 1991, a warranty deed was recorded with the State of Hawaii, Office of Assistant Registrar, in which Kyle Hisato Onaka conveyed the subject property to Defendant Michael William Flaherty and Defendant Margaret Rona Lee Flaherty as tenants by the entirety.

3. On or about May 20, 1993, Defendant Bank of Hawaii filed a mortgage lien against the subject property with the State of Hawaii Office of Assistant Registrar.

4. On or about September 30, 1993, Defendant Bank of Hawaii filed a Bankoh Home Equity Creditline Mortgage lien against the subject property with the State of Hawaii, Office of Assistant Registrar.

5. On or about July 29, 2005, Defendant State of Hawaii, Department of Taxation, filed a lien against the subject property with the State of Hawaii, Bureau of Conveyances, for unpaid taxes by the taxpayer for the tax year 2000.

6. The United States has valid and subsisting tax liens on all property and rights to property of Michael William Flaherty, including the subject property, arising from the assessments described in paragraph 11 of the Complaint to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens on Real Property, which tax liens are effective as of the dates of those assessments.

7. Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens against the subject property in order to apply the proceeds towards the tax liabilities of Michael William Flaherty.

8. The United States' liens against the subject property are hereby foreclosed and the subject property shall be sold at public auction.  Such sale of the subject property shall

not be final until approved and confirmed by the court.  The Court hereby reserves the question of the exact amount (including interest) of the indebtedness secured by the liens held by the respective parties other than the United States.

        9.   The Commissioner as appointed herein by the court is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale, and to sell the subject property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties, within four (4) months after the Commissioner is notified of this Order and Decree of Foreclosure.

        10.  The Commissioner shall hold all proceeds of the sale of the subject property in an interest bearing account to the credit of this action subject to the directions of this Court.  Upon payment according to such directions, the Commissioner shall file an accurate accounting of the Commissioner's receipts and expenses.

        11.  Barbara L. Franklin is hereby appointed by this Court as Commissioner, and as Commissioner shall henceforth sell the subject property at foreclosure sale to the highest bidder at the Commissioner's sale by public auction after first giving notice of such sale by publication in at least one newspaper regularly issued and of general circulation in the District of Hawaii.  Said notice shall be published once a week for at least four (4) consecutive weeks, with the auction to take place no

sooner than fourteen (14) days after the appearance of the fourth advertisement.  Said notice shall give the date, time, and place of the sale and an intelligible description of the subject property, including any improvements.  State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law.  The Commissioner shall have further authority to continue the sale from time to time at the Commissioner's discretion.  No bond shall be required of the Commissioner.  In the event that the Commissioner refuses, or becomes unable, to carry out his duties set forth herein, the court shall appoint another without further notice of hearing.

    12.  The minimum bid will be set by the Commissioner based on a consideration of the fair market value of the subject property, less a reasonable forced sale discount, but in no circumstance should the minimum bid be less than the value of the secured liens held by Defendant Bank of Hawaii against the subject property.  If the minimum bid is not met or exceeded, the Commissioner may, without further permission of this court, and under the terms and conditions in this Order and Decree of Foreclosure, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder.

    13.  The Commissioner shall sell the subject property by foreclosure sale in its "AS IS" condition, without any representations or warranties whatsoever as to title or possession.

14. The Commissioner and all persons occupying the subject property shall allow reasonable access to view the subject property, a minimum of two separate days prior to the sale of the subject property, by means of an open house or other reasonable means.

15. The fee of the Commissioner shall be such as the court deems just and reasonable, together with actual and necessary expenses incurred with the sale of the subject property.

16. The order of distribution of the sale proceeds to the parties claiming an interest in the subject property shall be made in accordance with their respective priorities as determined by stipulation of the parties or further briefing if necessary.

17. The sale so made and confirmed shall perpetually bar Defendants Michael William Flaherty and Margaret Rona Lee Flaherty and all persons and parties claiming by, through or under them, except governmental authorities enforcing liens for unpaid real property taxes, from any and all right, title and interest in the subject property or any part thereof.

18. The successful bidder at the foreclosure sale shall be required at the time of such sale to make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful price bid, such payment to be in cash, certified check or cashier's check. The balance of the purchase price must be paid in full at the closing of the sale, which

shall take place 35 days after entry of the order confirming the sale.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to cover the cost of sale, including the Commissioner's fee, with any amount remaining to be returned to the bidder.  Such payment is to be in cash, certified check, or cashier's check.  Costs of conveyancing, including preparation of the conveyance document, conveying tax, securing possession of such mortgage property, escrow services, and recording of such conveyance, shall be at the expense of such purchaser.

       19.  Pending the sale of the subject property, Defendants Michael William Flaherty and Margaret Rona Lee Flaherty shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures, and appurtenances on the property) in its current condition.  They shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so.  Defendants Michael William Flaherty and Margaret Rona Lee Flaherty shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so.  Defendants Michael William Flaherty and Margaret Rona Lee Flaherty shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the subject

property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

20. All persons occupying the subject property shall leave and vacate the subject property permanently within sixty (60) days of the date of this Order and Decree of Foreclosure, each taking with them their personal property (but leaving all improvements, buildings, and appurtenances to the property).  If any person fails or refuses to leave and vacate the subject property by the time specified in this Decree, the Commissioner is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons, including obtaining a judgment for possession and a writ of possession.  If any person fails or refuses to remove his or her personal property from the premises by the time specified herein, any personal property remaining on the subject property thereafter is deemed forfeited and abandoned, and the Commissioner is authorized to remove it and dispose of it in any manner the Commissioner sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the court for further distribution.

21. When the sale of the subject property is confirmed

by this court, the State of Hawaii, the Land Court, and the Bureau of Conveyances, shall permit the transfer of the subject property to be reflected upon register of the title.

22.  Upon confirmation of the sale, the interests of, liens against, or claims to the subject property held or asserted by the United States and any other parties to this action shall be discharged and extinguished.  The sale is ordered pursuant to 28 U.S.C. § 2001.  Redemption rights under state law shall not apply to this sale under federal law.

23.  The court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

24.  At the hearing on confirmation herein above mentioned, if it appears that the proceeds of such sale shall be insufficient to pay all the amounts which are valid lien claims against Defendant Michael William Flaherty and a deficiency exists, judgment shall be entered for such a deficiency against Defendant Michael William Flaherty and in favor of Plaintiff United States.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 23, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Flaherty, Civ. No. 08-00493 SOM/KSC; ORDER AND DECREE OF FORECLOSURE.